NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided September 12, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 15-2734

| | |
|---|---|
| VINCENT WILLIAMS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 14 C 5281 |
| DUNBAR ARMORED, INC., | |
| *Defendant-Appellee*. | Charles R. Norgle, |
| | *Judge*. |

## O R D E R

Vincent Williams sued Dunbar Armored, Inc., his former employer, alleging that the company had subjected him to a hostile work environment on the basis of his race and sex and that they retaliated against him when he complained by firing him. *See* 42 U.S.C. §§ 1981, 2000e(2)(a)(1), 2000e(3)(a). After Williams filed the suit, he failed to participate in discovery. He did not answer calls and letters from Dunbar's counsel

---

[*] We have unanimously agreed to decide the case without oral argument because the issues have been authoritatively decided. *See* FED. R. APP. P. 34(a)(2)(B).

attempting to establish a joint discovery plan; he did not answer Dunbar's interrogatories and requests for production of documents; he did not respond to Dunbar's repeated overtures to comply with the court's scheduling orders; and he did not respond to Dunbar's motion to compel him to respond to its outstanding discovery requests. The district court granted the motion to compel after Williams did not appear at the hearing. When Williams did not comply with the order, Dunbar moved to dismiss the suit with prejudice for failure to comply with a discovery order, *see* FED. R. CIV. P. 37(b), and failure to prosecute, *see* FED. R. CIV. P. 41(b). Williams did not file a response, though he did appear at a hearing on the motion, arguing that he was not a lawyer, did not understand the process, and needed more time. The court dismissed the case with prejudice; as the court explained, Williams violated the rules of discovery and took no action to move the case forward in nearly a year.

On appeal Williams reproduces portions of his complaint and contests the underlying merits of his employment-discrimination claim, but he does not identify any disagreement with the district court's reasons for dismissing his lawsuit or cite any applicable legal authority. Although we construe the briefs of pro se appellants liberally, arguments must be developed and supported to be preserved. *See* FED. R. APP. P. 28(a)(8)(A); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015); *Yasinskyy v. Holder*, 724 F.3d 983, 989 (7th Cir. 2013).

DISMISSED.